823 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rocky REYNOLDS, Plaintiff-Appellant,
v.
DEPARTMENT OF RECREATION AND PARKS; Mayor and City Council
of Baltimore City, Defendant-Appellee.
 No. 86-1701
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided July 1, 1987.
 
 Norris Carlton Ramsey, for appellant.
 J. Shawn Alcarese, Special Solicitor, Department of Law (Benjamin L. Brown, City Solicitor, on brief), for appellees.
 Before WINTER, Chief Judge, WIDENER, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, a white male, sued Baltimore City and its Department of Recreation and Parks alleging that he was subjected to racial discrimination in violation of Title VII and 42 U.S.C. Sec. 1981 when he was discharged and thereafter denied reemployment for having engaged in a fight with employees of one of the city's private contractors. The theory of plaintiff's case was that he was dealt with more harshly than black employees who engaged in similar misconduct.
 
 
 2
 The district court granted a motion to dismiss plaintiff's Sec. 1981 cause of action for the defendant's failure to rehire plaintiff with leave to amend, but plaintiff nonetheless chose not to amend his complaint. The Title VII claim, based on plaintiff's allegations of discriminatory discharge, was tried by a magistrate who found that race was not a factor in plaintiff's discharge. Plaintiff appeals and we affirm.
 
 
 3
 From our review of the evidence and consideration of the oral and written arguments, we conclude that the finding that race was not a factor in plaintiff's discharge is not clearly erroneous. It follows that the judgment for defendants on plaintiff's Title VII claim should not be disturbed.
 
 
 4
 We think also that, represented by counsel, plaintiff failed to allege a claim under Sec. 1981 because he failed to allege specifically that defendants acted with discriminatory intent, a necessary element of a cause of action under Sec. 1981. When plaintiff failed to amend, that ended the claim.
 
 
 5
 AFFIRMED.